# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVID COKER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>T. CAMPBELL,[1]<br><br>　　　　Respondent. | Case No. 1:24-cv-00566-SAB-HC<br><br>ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 7)<br><br>ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 6, 9.)

## I.

## BACKGROUND

Petitioner pleaded guilty to driving under the influence causing injury and leaving the scene of an accident in the Fresno County Superior Court. On July 25, 2022, Petitioner was sentenced to an imprisonment term of eighteen years and four months. (LD[2] 1.) On August 2, 2023, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2.) Petitioner did not seek review in the California Supreme Court. (ECF No. 7 at 2.[3])

---

[1] The correct spelling of Respondent's last name is Campbell. (ECF No. 7 at 1 n.1.)

[2] "LD" refers to the documents lodged by Respondent on July 18, 2024. (ECF No. 8.)

[3] Page numbers refer to the ECF pagination stamped at the top of the page.

On August 23, 2023, Petitioner filed a state petition for writ of habeas corpus in the California Supreme Court, which denied the petition on December 13, 2023. (LDs 3, 4.) On May 6, 2024, Petitioner filed a petition to recall sentence in the Fresno County Superior Court that is still pending. (LD 5.)

On May 13, 2024, Petitioner filed a federal petition for writ of habeas corpus, raising the following claims for relief: (1) two of the same enhancements were improperly imposed; (2) sentence enhanced based on a strike more than ten years old; (3) Estrada retroactivity should be applied; and (4) ineffective assistance of counsel. (ECF No. 1.) On July 18, 2024, Respondent filed a motion to dismiss the petition because the third and fourth claims are unexhausted. (ECF No. 7.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

"[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162–63 (1996). Accord Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling

1 legal principles to the facts bearing upon his constitutional claim.'" (citations omitted)). "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).

In the motion to dismiss, Respondent asserts that Petitioner's sole filing in the California Supreme Court did not raise Estrada retroactivity or ineffective assistance of counsel. (ECF No. 7 at 2–3.) Respondent has lodged state court records that demonstrate Petitioner only presented his claims regarding imposition of two of the same enhancements and his sentence being enhanced based on a strike more than ten years old. (LD 3.) Given that Petitioner has not sought relief in the California Supreme Court with respect to his claims regarding Estrada retroactivity and ineffective assistance of counsel, this Court cannot proceed to the merits of said claims. 28 U.S.C. § 2254(b)(1).

**B. "Mixed" Petition**

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies. Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

Here, Respondent contends that "[u]nless Petitioner establishes that a stay is appropriate (and, thus far, he has not), Petitioner must either delete his unexhausted claims and proceed with his exhausted claims, or the entire petition must be dismissed." (ECF No. 7 at 7.) Given

Petitioner's failure to respond to the motion to dismiss, it is not clear how Petitioner would like to proceed with his mixed petition. In the interest of justice, the Court will allow Petitioner to proceed with his exhausted claims.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 7) is GRANTED IN PART;
2. Petitioner's unexhausted Estrada retroactivity and ineffective assistance of counsel claims are DISMISSED WITHOUT PREJUDICE;
3. Petitioner SHALL proceed only with the exhausted claims regarding imposition of two of the same enhancements and his sentence being enhanced based on a strike more than ten years old; and
4. The Clerk of Court is DIRECTED to amend the caption to reflect "T. Campbell" as Respondent.

IT IS SO ORDERED.

Dated:  **October 15, 2024**

UNITED STATES MAGISTRATE JUDGE