# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DAVID COKER, | Case No. 1:24-cv-00566-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| T. CAMPBELL, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 6, 9.)

**I.**

**BACKGROUND**

Petitioner pleaded guilty to driving under the influence causing injury and leaving the scene of an accident in the Fresno County Superior Court. On July 25, 2022, Petitioner was sentenced to an imprisonment term of eighteen years and four months. (LD[1] 1.) On August 2, 2023, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2.) Petitioner did not seek review in the California Supreme Court. (ECF No. 7 at 2.[2])

---

[1] "LD" refers to the documents lodged by Respondent on July 18, 2024, and January 7, 2025. (ECF Nos. 8, 14.)
[2] Page numbers refer to the ECF pagination stamped at the top of the page.

1

On August 23, 2023, Petitioner filed a state petition for writ of habeas corpus in the California Supreme Court, which denied the petition on December 13, 2023. (LDs 3, 4.) On May 6, 2024, Petitioner filed a petition to recall sentence in the Fresno County Superior Court, which denied the petition on June 17, 2024. (LDs 5, 11.)

On May 13, 2024, Petitioner filed the instant federal petition for writ of habeas corpus, raising the following claims for relief: (1) two of the same enhancements were improperly imposed; (2) sentence enhanced based on a strike more than ten years old; (3) Estrada retroactivity should be applied; and (4) ineffective assistance of counsel. (ECF No. 1.) On July 18, 2024, Respondent filed a motion to dismiss the petition because the third and fourth claims are unexhausted. (ECF No. 7.) On October 15, 2024, the Court granted the motion to dismiss in part and dismissed the unexhausted third and fourth claims for relief. (ECF No. 10.) On January 7, 2025, Respondent filed an answer. (ECF No. 13.) To date, no traverse has been filed, and the time for doing so has passed.

## II.

## STATEMENT OF FACTS[3]

## PROCEDURAL HISTORY

In a first amended felony complaint filed May 16, 2022, the District Attorney of Fresno County charged appellant with driving under the influence causing injury (Veh. Code, § 23153, subd. (f); count 1). It was further alleged appellant caused great bodily injury to more than one person (Veh. Code, § 23558) and individually caused great bodily to two people (§ 12022.7, subd. (a)). Appellant was also charged with felony leaving the scene of an accident (Veh. Code, § 20001, subd. (a); count 2).

As to both counts, it was alleged that appellant had previously been convicted of two serious felonies (§ 667, subds. (a)(1), (b)–(i), 1170.12, subds. (a)–(d)) and had suffered five prior felony convictions between 1992 and 2019. Finally, six aggravating factors were alleged to apply to appellant, including that appellant engaged in violent conduct that posed a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)), which resulted in great bodily harm to a particularly vulnerable victim (Cal. Rules of Court, rule 4.421(a)(1), (a)(3)).

On May 16, 2022, appellant pleaded no contest to all charges and admitted all enhancements and aggravating factors.

---

[3] The Court relies on the California Court of Appeal's August 2, 2023 opinion for this summary of the facts of the crime. See Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

On the day of his sentencing hearing, July 25, 2022, appellant filed a combined sentencing memorandum and *Romero*[4] motion, inviting the trial court to strike his 1992 serious felony conviction and to strike all but one of his enhancements pursuant to section 1385, subdivision (c)(2). The trial court granted the *Romero* motion and struck appellant's 1992 serious felony conviction but declined to dismiss any other enhancements. Appellant was sentenced to 18 years and four months in prison—six years for count 1 (the upper term, doubled pursuant to § 667, subd. (e)(1)), one year and four months for count 2, three years for each of the two great bodily injury enhancements, and five years for his prior prison terms (§ 667, subd. (a)).

. . .

**STATEMENT OF FACTS**

*The Underlying Offense*

We summarize the facts underlying appellant's conviction as they are not directly relevant to the issue on appeal. The facts are taken from the probation officer's report in this case.

On November 7, 2021, officers responded to a vehicle collision in Fresno County. Officers observed a white vehicle crashed into a fence with three occupants—the driver and her two minor children. All three suffered extensive injuries and were transported to a nearby hospital for treatment.

Officers located appellant's vehicle nearby, with an injured passenger inside. Appellant had fled on foot. Officers determined that appellant had been driving southbound, and the driver of the white vehicle was driving northbound, when appellant swerved and collided with the white vehicle. Officers located appellant in a nearby apartment complex, where he was arrested and taken to a nearby hospital for treatment of his injuries.

Officers spoke with appellant at the hospital. Appellant admitted he was driving his vehicle when the collision occurred. Officers conducted a blood draw and determined appellant was under the influence of methamphetamine.

*The Sentencing Hearing*

On May 16, 2022, appellant pleaded no contest to all charges in the first amended felony complaint, based on the court's indicated 18-year and four-month sentencing lid.

Appellant argued in his July 25, 2022 sentencing memorandum and *Romero* motion that section 1385, subdivision (c)(2)(B)–(C) required the dismissal of all but one of his enhancements. The court found:

> "Given the current state of the law and the legislative preference for the Court to review strikes that are more than five years old, I think the [L]egislature would certainly want the Court to review a 30-year-old strike.

---

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

3

> "I would note that the strikes that the defendant picked up were not for similar offenses. I also believe that nobody drives impaired intending to go out and kill someone or hurt somebody, but it's a likely or possible occurrence when somebody gets behind the wheel of a vehicle and they're impaired that somebody could be injured as a result, including— [appellant] was injured himself, but he severely injured some innocent people who were just out driving a car or riding in a car in the case of the minors and it's a hell of a thing to put two little kids through ... having to go through surgeries and hospitalization and the frightening factor of the collision itself. All of it could have been avoided.
>
> "Based on the arguments set forth in the submission by the defendant, the Court will strike the 1992 strike, given the facts that are set forth for the record."
>
> The court and counsel did not discuss the dismissal of appellant's enhancements pursuant to section 1385, subdivision (c)(2)B). Having stricken one of appellant's prior felony strike convictions, the court imposed a sentence of 18 years and four months.

People v. Coker, No. F084719, 2023 WL 4924894, at *1–2 (Cal. Ct. App. Aug. 2, 2023) (footnote in original).

## III.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged convictions arise out of the Fresno County Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

///

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13; see also Lockyer, 538 U.S. at 72. "The

1  word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character
2  or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New
3  International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to
4  [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the
5  governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to"
6  clearly established Supreme Court precedent, the state decision is reviewed under the pre-
7  AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

8   "Under the 'reasonable application clause,' a federal habeas court may grant the writ if
9  the state court identifies the correct governing legal principle from [the] Court's decisions but
10 unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.
11 "[A] federal court may not issue the writ simply because the court concludes in its independent
12 judgment that the relevant state court decision applied clearly established federal law erroneously
13 or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer,
14 538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists
15 could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."
16 Richter, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the
17 correctness of the state court's decision, the decision cannot be considered unreasonable. Id. If
18 the Court determines that the state court decision is objectively unreasonable, and the error is not
19 structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious
20 effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

21  The Court looks to the last reasoned state court decision as the basis for the state court
22 judgment. Wilson v. Sellers, 584 U.S. 122, 125 (2018); Stanley v. Cullen, 633 F.3d 852, 859 (9th
23 Cir. 2011). If the last reasoned state court decision adopts or substantially incorporates the
24 reasoning from a previous state court decision, this Court may consider both decisions to
25 ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir.
26 2007) (en banc). "When a federal claim has been presented to a state court and the state court has
27 denied relief, it may be presumed that the state court adjudicated the claim on the merits in the
28 absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at

6

1 | 99. This presumption may be overcome by a showing "there is reason to think some other
2 | explanation for the state court's decision is more likely." Id. at 99–100 (citing Ylst v.
3 | Nunnemaker, 501 U.S. 797, 803 (1991)).

4 | Where the state courts reach a decision on the merits but there is no reasoned decision, a
5 | federal habeas court independently reviews the record to determine whether habeas corpus relief
6 | is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853
7 | (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional
8 | issue, but rather, the only method by which we can determine whether a silent state court
9 | decision is objectively unreasonable." Himes, 336 F.3d at 853. While the federal court cannot
10 | analyze just what the state court did when it issued a summary denial, the federal court must
11 | review the state court record to determine whether there was any "reasonable basis for the state
12 | court to deny relief." Richter, 562 U.S. at 98. This Court "must determine what arguments or
13 | theories . . . could have supported, the state court's decision; and then it must ask whether it is
14 | possible fairminded jurists could disagree that those arguments or theories are inconsistent with
15 | the holding in a prior decision of [the Supreme] Court." Id. at 102.

## IV.

## DISCUSSION

### A. Sentencing Claims

In his first and second claims for relief, Petitioner asserts that two of the same sentencing enhancements were improperly imposed and his sentence was erroneously enhanced based on a strike more than ten years old. (ECF No. 1 at 4.) Respondent contends these claims "fail at the outset" because "state law sentencing issues raise no federal question." (ECF No. 13 at 4, 5.)

These claims were raised in a state habeas petition, which the California Supreme Court summarily denied. (LDs 3, 4.) There is no reasoned state court decision on these claims, and the Court presumes that the state court adjudicated the claims on the merits. See Johnson, 568 U.S. at 301. Accordingly, AEDPA's deferential standard of review applies, and the Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of 'in custody' in the statute requires literally that the person applying for the writ is contending that he is 'in custody' in violation of *the Constitution or other federal laws*." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010) (emphasis added). See Dickerson v. United States, 530 U.S. 428, 439 n.3 (2000).

In the instant petition, Petitioner challenges the state court's application of state sentencing law. These are issues of state law, and errors of state law generally do not warrant federal habeas corpus relief. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citations omitted)). Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Nevertheless, a state court's misapplication of state law may give rise to federal habeas corpus relief if a petitioner can demonstrate that the error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). See also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Petitioner has not demonstrated that the trial court's exercise of discretion to impose multiple enhancements[5] was arbitrary and capricious or was otherwise fundamentally unfair.

---

[5] Here, the Court of Appeals on direct appeal determined that the trial court had discretion to impose multiple enhancements in a single case, and thus, there was no misapplication of state law. This determination is binding on

Petitioner also has not established that the state court's denial of his sentencing claims was contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Petitioner is not entitled to federal habeas corpus relief on his state-law sentencing claims.

**B. Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the

---

this Court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

## V.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus is DENIED;

2. The Clerk of Court is DIRECTED to CLOSE the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **May 20, 2025**

STANLEY A. BOONE
United States Magistrate Judge